WILLHOIT, APPELLANT, *v.* FLOWERS, ADMR., BUREAU OF
WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 3242—Decided February 14, 1968.)

*Mr. Chester T. Freeman*, for appellant.
*Mr. William B. Saxbe*, attorney general, *Mr. Walter
J. Howdyshell* and *Mr. George N. Fell*, for appellees.

KERNS, J. A preliminary examination of the record
in this case discloses that the notice of appeal is directed
to an order of the Court of Common Pleas of Montgomery
County, which provides, in toto, as follows:

"This cause came on to be heard on a demurrer filed
by the defendant-administrator of the Bureau of Work-
men's Compensation, for the reason that plaintiff's peti-
tion failed to state an accidental occurrence which is com-
pensable under the Workmen's Compensation Act.

"The court being fully advised in the premises, and
after due consideration given, finds said demurrer to be
well taken and the same is accordingly sustained."

This is not a final order which can be made the basis
of an appeal on questions of law. Section 2505.02, Revised
Code. Where a cause has proceeded no further than the
mere overruling or sustaining of a demurrer to a pleading,
the action is still pending in the trial court. See 2 Ohio
Jurisprudence 2d 618, Section 47, and the numerous cases
cited in support of the text.

Admittedly, we have given some thought to overlook-
ing this dormant procedural defect in the present record,
but it would be unnecessarily hazardous to send the par-
ties to this action on the same expensive and time-consum-

ing excursion experienced by the parties in the case of *Betz* v. *Industrial Commission*, 139 Ohio St. 624, which arose under facts identical to those presented herein.

In that case, the notice of appeal to the Court of Appeals was directed to an order sustaining a demurrer to a petition filed in a workmen's compensation case, and the Court of Appeals entered judgment reversing the action of the Court of Common Pleas in sustaining the demurrer.

Thereafter, a motion to certify was allowed and the case was submitted to the Supreme Court upon its merits. While lodged in the Supreme Court, it was discovered that the record did not contain a final order in the Court of Common Pleas. The judgment of the Court of Appeals was reversed, and the cause was remanded to that court with directions to vacate its judgment and to remand the cause to the trial court for further proceedings.

Upon the authority of the *Betz case*, the present appeal will be dismissed, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Appeal dismissed.*

CRAWFORD, P. J., and SHERER, J., concur.